**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**


**CENTER CAPITAL CORPORATION,**
           **Plaintiff,**

**-vs-**                                          **Case No.  A-09-CV-469-SS**

**M.B. BENDER COMPANY, INC., and ROBERT**
**E. BENDER,**
           **Defendants.**

_____


**O R D E R**


      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Center Capital Corporation ("CCC")'s Motion for Default Judgment [#6]. After considering the motion, the relevant law, and the case file as a whole, the Court enters the following opinion and order.

**Background**

      This is an action for breach of contract and guaranty. CCC alleges it entered into a loan and security agreement with Defendants M.B. Bender Company, Inc. and Robert E. Bender ("Defendants") in order to finance the purchase of a used 2005 Tesmec Chainsaw, Model TRS 1075, S/N: 130.[1] CCC alleges Defendants were to begin monthly payments on July 1, 2008 and continuing for fifty-five months thereafter. Defendants defaulted on their payments beginning December 1, 2008 and have not made any payments since. CCC repossessed the Chainsaw, has failed to resell

---

[1]This is no ordinary chainsaw, but a 30-ton industrial digging machine.

it as of the filing of the motion, and accelerated the balance due on the loan, but have not received payment.

## I.    Legal Standard for Default Judgment

Under Fifth Circuit law, there are three steps to obtaining a default judgment: (1) default; (2) entry of default; and (3) default judgment. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996) (citing FED. R. CIV. P. 55(a)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*" *Id .* (emphasis in original) (citations and footnote removed).

If the clerk has not already entered a default, the Court may enter a default and the default judgment simultaneously when a party shows "by affidavit or otherwise" that another party was properly served under FED. R. CIV. P. 4(e) and "has failed to plead or otherwise defend. . . ." FED. R. CIV. P. 55(a); 55(b)(2). The moving party must also show the nonmovant is not is not an infant or incompetent, *see id.*, and is not in the military, *see* 50 U.S.C. app. § 520(1).

The moving party must also show the amount of damages. If the claim is for a sum certain, that can be figured through arithmetic, a default judgment may be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). However, if the moving party also seeks attorney's fees, it must prove both the amount of the fees and the reasonableness of the fees, subject to court inquiry. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148.

## II.     Entry of Default

In this case, CCC has not obtained an entry of default from the clerk.  Thus, the Court first reviews the affidavits and proof of service to insure Defendants are in default.  In order to show proper service under FED. R. CIV. P. 4(e), CCC must show Defendants were properly served either as required under the Federal Rules or "pursuant to the law of the state in which the district court is located . . ." *Id.* at 4(e)(1).  In Texas service by registered or certified mail is sufficient.  TEX. R. CIV. P. 106(a)(2).

CCC served Robert E. Bender by certified mail, return receipt requested, at 600 W. Highway 71, Llano, Texas 78643.  Summons Executed [#3].  The delivery was confirmed by the United States Postal Service on July 16, 2009 at 11:50 a.m.  *Id.*  CCC initially failed to properly serve M.B. Bender Company by merely leaving notice at its place of business, not confirming actual delivery of the certified mail.  Summons Unexecuted [#4].  CCC corrected its service error and amended its return of service to show delivery via certified mail, return receipt requested, to each of the three known addresses for M.B. Bender Company, Inc. on August 10, 2009.  Summons Executed [#5].  Based on the dates of proper service, Robert E. Bender's answer was due on August 5, 2009 and M.B. Bender Company, Inc.'s answer was due on August 31, 2009.  Neither has entered an appearance, filed an answer, or in any way responded to the lawsuit.  Thus, the Court finds the Defendants are in default.

## III.     Default Judgment

As discussed above, in order to obtain a default judgment, the moving party must show the nonmovant is not is not an infant or incompetent, FED. R. CIV. P. 55(b)(2), and is not in the military, *see* 50 U.S.C. app. § 520(1).  The moving party must also show the amount of damages.  CCC certifies Bender is not in the military, an infant, or incompetent.  *See* Def. Aff. Ex. 1 ¶ 25.

CCC has also gone to great lengths to show the amount of damages to which it is entitled. CCC damages are for a sum certain ascertainable by adding the total monthly payments due under the Second Amended Restatement of Loan/Lease Agreement. Def. Aff. Ex. 1(F). Defendants were to make three (3) monthly payments of interest only, starting in July 2008, each in the amount of $2,715.63, followed by fifty-two (52) monthly payments each in the amount of $9,768.95. Def. Aff. Ex. 1 ¶ 12. Defendants defaulted in December 2008 and have failed to make any payments since. *Id.* at ¶ 13. CCC's affidavit indicates it accelerated repayment of the balance on February 23, 2009, as per the terms of the agreement. *See id.* at ¶ 16; (A). At the time of acceleration, Defendants owed the principal amount of $443,900.12. *Id.* at ¶ 17.

CCC also indicates there were $1,217.81 in repossession expenses and $3,006.48 in late charges owed at the time of acceleration. *Id.* at ¶ 18. Finally CCC alleges Defendants are also responsible for attorneys' fees and costs under the terms of the agreement.[2] *Id.* at ¶ 21. These costs and fees total $2,423.38. Def. Aff. Ex. 2 at ¶ 8.

CCC shows sufficient evidence to prove damages through simple arithmetic of $448,124.41: $443,900.12 in principal, $1217.81 in repossession expenses, and $3006.48 in late charges. CCC also shows sufficient evidence to prove reasonable attorneys' fees and costs of $2,423.38.[3] Thus the Court enters the following order:

---

[2]The agreement states: "In the event of commencement of suit to enforce payment or performance of this Schedule, Borrower shall pay Lender, in addition to the unpaid amounts due hereunder or under the Agreement, the expenditures incurred by Lender, including, without limitation, attorney(s)' fees and court costs." Def. Aff. Ex. 1(A).

[3]There is no indication of the value of the repossessed chainsaw. Once it is sold, however, CCC will credit the amount received at the sale in partial satisfaction of this judgment.

IT IS ORDERED that Plaintiff Center Capital Corporation's Motion for Default Judgment [#6] is GRANTED.


SIGNED this the 13th day of November 2009.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE